**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRAIG KIP MCDANIELS,** | : | **CIVIL NO. 3:11-CV-467** |
| | : | |
| **Petitioner,** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **BRIAN THOMPSON, et al** | : | |
| | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Petitioner, Craig McDaniels, has undertaken a long and winding avenue of challenges to a sentence of imprisonment that he would never have faced except for his own failure to comply with the terms of his probation.  Reaching its conclusion, that winding avenue has led him before this Court, where, proceeding pro se, McDaniels seeks release from prison through a petition for writ of habeas corpus. In the Petition, McDaniels contends that he is currently serving an excessive and unreasonable sentence assigned in error by a biased judge. (Doc. 1, p. 6.).

At bottom, the Petitioner is displeased with the sentence he received in the Court of Common Pleas of Lycoming County, Pennsylvania.  (Doc. 18, Ex.13.) Initially, the Court of Common Pleas agreed that Petitioner should not face time in

prison for the two charges to which he pleaded guilty in 2006, the Sale or Transfer of a Firearm and Receiving Stolen Property.  (Doc. 18, Ex. 5- 6.)  Thus, McDaniels was initially sentenced to a year of probation for each violation to run concurrently. (Id.)  Petitioner, however, squandered this highly favorable sentence in a particularly thorough fashion.  He violated the terms of his probation by failing two separate drug tests and also traveling to the state of Florida without permission.  (Doc. 18, Ex. 7.)

Petitioner twice challenged the initial three-to-six year sentence imposed by the Court of Common Pleas through a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9451 et seq. ("PCRA").  (Doc. 18, Ex. 10-12.) The sentencing judge subsequently lowered the sentence to two-to-six years.  (Doc. 18, Ex. 13.)  The Superior Court of Pennsylvania affirmed the reduced sentence upon appeal after finding that it was below the statutory maximum and within the guideline ranges provided for Petitioner's crimes under Pennsylvania law.[1]  (Doc. 18, Ex. 14.)

In his petition for a writ of habeas corpus, McDaniels now claims that the reduced sentence imposed by the Court of Common Pleas, a sentence Petitioner faces only because he violated the terms of his probation, is so excessive that it violates the

_____

[1] McDaniels did not appeal to the Pennsylvania Supreme Court, and, therefore, the Superior Court's ruling on the merits of McDaniels's direct appeal is the "last reasoned decision" with respect to McDaniels's claims on direct review. It is, therefore, the decision that informs our review in this proceeding.  See Bond v. Beard, 539 F.3d 256, 289-90 (3d Cir. 2008).

Constitution of the United States of America.  He makes this claim despite the fact that the sentence has already been declared a legal sentence under state law by the Superior Court of Pennsylvania.

After numerous challenges over the course of the past four years, Petitioner's long road of seeking relief from his two-to-six year sentence of imprisonment has reached its conclusion. We find that two of the three claims raised by Petitioner are procedurally-barred from habeas review.  We further find that all three of the claims lack merit.  Accordingly, for the reasons set forth below, we recommend that this petition be denied.

## II.    **BACKGROUND OF THE CASE**

On March 4, 2006, Craig McDaniels, a convicted felon, lied about his criminal history on two forms required for the purchase of a firearm. (Doc. 18, Ex. 2.)  Later that month, he stole $175.00 from a cashier's drawer at Aldi's supermarket.  (Id., Ex. 4.)

On May 8, 2006, Petitioner entered guilty pleas to the Sale or Transfer of a Firearm and Receiving Stolen Property, violations under 18 Pa. C.S.A. §6111 (g)(4) and 18 Pa. C.S.A. §3925, respectively.  (Id., Ex. 6.)  He was placed on twelve months probation under the supervision of the Lycoming County Adult Probation Office for each offense to run concurrently. (Id., Ex. 5.)  Petitioner subsequently violated the

3

terms of his probation when he failed two drug tests and took a trip to Florida without the permission of his probation officer.  (Id., Ex. 7.)

Following a hearing on the probation violations, the Court of Common Pleas of Lycoming County revoked Defendant's probation and sentenced him to an aggregate term of incarceration of three-to-six years imprisonment on April 5, 2007, two-to-four years imprisonment on the firearms charge and one-to-two years imprisonment on the receiving stolen property charge, to be served consecutively. (Id., Ex. 7.)  Petitioner filed a disciplinary complaint against the sentencing judge during the probation violation hearings in February 2007.  (Doc. 1, p. 6.)  McDaniels appealed the sentence of imprisonment to the Superior Court of Pennsylvania, where it was affirmed on April 1, 2007.  Commonwealth v. McDaniels, 953 A.2d 834 (Pa. Super. Ct. 2008) (unpublished memorandum).  The court held that the Petitioner had not properly preserved a challenge to the discretionary aspects of the sentence.  (Doc. 18, Ex. 8.)

Petitioner filed a PCRA petition contending that his sentence was excessive. (Id., Ex. 11.)  This petition was dismissed on December 3, 2008. (Id.)

Undeterred, Petitioner filed a second PCRA petition on December 16, 2008, claiming that the sentence issued in connection with his probation violation was inappropriate and applied in error due to the court's failing to state a reason for the

sentence. (Id., Ex. 12.) He also alleged ineffective counsel, claiming that a Motion to Modify or a Motion for Reconsideration should have been filed and that counsel failed to preserve the issue for appeal by neglecting to file a timely motion and by failing to object at the sentencing hearing. (Id.)

Petitioner's persistence, in that instance, proved fruitful, at least in part. Accepting the second PCRA for reconsideration, the Court of Common Pleas vacated the original sentence. (Id., Ex. 13.) On March 8, 2009, the court reduced Petitioner's term of imprisonment, re-sentencing McDaniels to two-to-four years imprisonment on the firearms charge and one month to two years imprisonment on the receiving stolen property charge, thus reducing the aggregate sentence to 25 months to six years. (Id.)

Despite the reduction, Petitioner again appealed his sentence. (Id., Ex. 14). The Superior Court of Pennsylvania found that Mr. McDaniels had both waived his claim on appeal as a result of procedural errors and because he failed to raise any issues of merit. (Id.) The court affirmed the judgement of sentence on April 6, 2010. (Id.)

Now before the Court is McDaniels's petition for writ of habeas corpus. (Doc. 1) In his petition, McDaniels makes three contentions that he claims justify the intervention of this Court. (Id. at 3.) First, he claims that the aggregate sentence was excessive and unreasonable based on the technical nature of his probation violations.

(Id.)  Second, he contends that the Court of Common Pleas of Lycoming County and the Superior Court of Pennsylvania sentenced Petitioner and reviewed the case as if he plead guilty to Sale or Transfer of Firearms under 18 Pa. Cons. Stat. Ann. § 6111 generally, rather than the more specific 18 Pa. Cons. Stat. Ann. § 6111(g)(4) of providing false information on an application.  Finally, Petitioner argues that the Honorable Judge Gray was biased in the re-sentencing hearing of April 6, 2009, due to the fact that Petitioner had filed a disciplinary complaint against him in February 2007.

The matter has been fully briefed by both parties (Doc. 1 and Doc. 18) and is now ripe for disposition.  Because we find that McDaniels's claims have been procedurally defaulted, and because they lack substantive merit, we will recommend that the petition be denied.

## III.    DISCUSSION

### A. State Prisoner Habeas Relief–The Legal Standard.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

6

is in custody in violation of the Constitution or laws or treaties of the United States.

**(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

> **(A)** the applicant has exhausted the remedies available in the courts of the State;
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

### 1. Substantive Standards for Habeas Petitions

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those

instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

## 2. Procedural Thresholds for Section 2254 Petitions.

### a. Exhaustion of State Remedies

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(2). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. See

O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).  As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation.  Rose v. Lundy, 455 U.S. 509 (1982).  Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. See Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. See Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992); see also Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the

facts bearing upon [the petitioner's] constitutional claim," <u>Picard v. Connor</u>, 404 U.S. 270 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims. <u>See Evans</u>, 959 F.2d at 1230-33. Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that claim.  <u>See</u> <u>Dye v. Hofbauer</u>, 546 U.S. 1(2005) (per curiam); <u>Johnson v. Pinchak</u>, 392 F.3d 551, 556 (3d Cir. 2004).

### b.  Procedural Default

A necessary corollary of this exhaustion requirement is the procedural default doctrine which applies in habeas corpus cases.  Certain habeas claims, while not exhausted in state court, may also be incapable of exhaustion in the state legal system by the time a petitioner files a federal habeas petition because state procedural rules bar further review of the claim. In such instances:

> In order for a claim to be exhausted, it must be "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If a claim has not been fairly presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted. . . .

> If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play. A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).

"[A] federal court will ordinarily not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus '[o]ut of respect for finality, comity, and the orderly administration of justice.'  This is a reflection of the rule that 'federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds'."  Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004).  Given these concerns of comity, the exceptions to the procedural default rule, while well-recognized, are narrowly defined.  Thus, for purposes of excusing a procedural default of a state prisoner seeking federal habeas relief, "[t]he Supreme Court has delineated what constitutes 'cause' for the procedural default: the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Werts v. Vaughn, 228

F.3d 178, 192-193 (3d Cir. 2000). Similarly, when examining the second component

of this "cause and prejudice" exception to the procedural default rule, it is clear that:

> With regard to the prejudice requirement, the habeas petitioner must
> prove "'not merely that the errors at … trial created a possibility of
> prejudice, but that they worked to his actual and substantial
> disadvantage, infecting his entire trial with error of constitutional
> dimensions.'" This standard essentially requires the petitioner to show
> he was denied "fundamental fairness" at trial. In the context of an
> ineffective assistance claim, we have stated that prejudice occurs where
> "there is a reasonable probability that, but for counsel's deficient
> performance, the result of the proceeding would have been different."

Id. at 193.

Similarly, the "miscarriage of justice" exception to this procedural bar rule is

also narrowly tailored, and requires a credible assertion of actual innocence to justify

a petitioner's failure to comply with state procedural rules.  See Hubbard, 378 F.3d

at 338.

> **B.   Petitioner's Claim That His Sentence is Both Unreasonable and
> Excessive Should be Denied Because the Severity of a Sentence Does Not
> Provide Grounds for Habeas Review.**

McDaniels first seeks relief on the grounds that the sentence he received in

April 2009 was both excessive and unreasonable due to the technical nature of his

probation violations.  Respondents argue that the claim lacks merit and fails to raise

a cognizable claim under the habeas statute.  Because the length of Petitioner's

sentence does not offend Petitioner's constitutional rights, Petitioner's claim fails to raise a cognizable claim that justifies habeas review.  It should be denied.

The same principles which inform the standard of review in habeas petitions and limit habeas relief to errors of a constitutional dimension also call upon federal courts to give an appropriate degree of deference to the legal rulings made by the state courts in the course of state criminal proceedings.  With respect to legal rulings, under 28 U.S.C. §2254(d), habeas relief is not available to a petitioner for any claim that has been adjudicated on its merits in the state courts unless it can be shown that the decision was either: (1) "contrary to" or involved an unreasonable application of clearly established case law, see 28 U.S.C. §2254(d)(1); or (2) was "based upon an unreasonable determination of the facts," see 28 U.S.C. §2254(d)(2).

With respect to sentence length, the state court's sentencing discretion is unreviewable by a federal court provided that the sentence lies within the statutory guidelines, it is not based upon arbitrary considerations, and the defendant's constitutional rights were not violated.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(explaining that federal habeas courts are not permitted to review questions of state law); Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Wainwright v. Skyes, 433 U.S. 72, 81 (1977) (indicating that questions of state substantive law are not cognizable on federal habeas review).  Otherwise, a habeas petition cannot be used to challenge

sentence length since allegations that a state tribunal abused its discretion under state law do not constitute an issue of federal constitutional dimension.  See Townsend v. Burke, 334 U.S. 736, 741 (1948) (stating that when a state "sentence [is] within the limits set by the statute, its severity would not be grounds for [habeas] relief"); see also Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984) (ruling that a challenge to a state court's sentencing discretion was not cognizable in federal habeas petition); Smith v. Kerestes, Civ. A. No. 08-0061, 2009 WL 1676136, at *16 (E.D. Pa. June 15, 2009) (rejecting petitioner's claim that his state sentence was excessive because "absent a Constitutional violation, a federal court has no power to review a sentence in a habeas corpus proceeding unless it exceeds statutory limits").

First, the principle of comity suggests that this Court defer to the Superior Court of Pennsylvania's review and affirmation of sentence. (Doc. 18, Ex. 14.)  The court determined that an identical challenge brought by Petitioner on appeal in May 2009 lacked merit.[2]  Nothing in the record or petition indicates that the Superior

---

[2] In its opinion, the Superior Court noted that a trial court may impose a sentence of total confinement upon revocation of probation if: "(1) the defendant is convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c). Upon review, the Superior Court found that the trial court in no way abused its discretion since McDaniels' misconducts while on probation satisfied

Court erred in applying case law or relied upon an unreasonable determination of the facts.  As such, the Superior Court's finding that the trial court legally and thoughtfully imposed the two-to-six year sentence merits the deference of this Court. The Petition for relief with respect to this claim should be denied.

Aside from traditional considerations of comity and deference to state court judgments, McDaniels's petition should be denied because it fails on its merits to raise a cognizable claim for habeas relief.  First,  Petitioner acknowledges that the aggregate sentence he received squarely within the statutorily-permitted sentencing range provided for under state law that could have been imposed.  The Superior Court reiterated this in its opinion, where the court explained that the sentence fell squarely within the applicable guidelines and that the trial court computed the sentence based upon facts specific to McDaniels's violation of his probation and the two offenses to which McDaniels plead guilty.  See Commonwealth v. McDaniels, 998 A 2d. 998 (Pa. Super. Ct. 2010) (unpublished opinion). The maximum aggregate penalty the trial court may have imposed for the offenses was nine years.  McDaniels's two-to-six year sentence falls well below that threshold.  Id.

Because the sentence falls within the statutory guidelines, Petitioner's claim will only merit habeas relief if the state proceedings relied on arbitrary considerations

---

both the second and third prong under § 9771(c).

or Petitioner's constitutional rights were otherwise violated. See Townsend, 334 U.S. at 741. There is no indication that the trial court arbitrarily imposed the sentence of imprisonment. In imposing the first sentence after the violations hearing, the court described the sentence as necessary to vindicate its authority after McDaniels flouted that authority by failing drug tests on two separate occasions and by leaving the state without permission, in violation of the terms of his probation. (Doc. 18, Ex. 9). Later, in the decision to reduce the sentence, the court specifically noted that the reduction stemmed from the technical nature of McDaniels' violations. (Doc. 18, Ex. 13). The state court opinions issued in connection with McDaniels's initial sentencing and subsequent sentencing proceedings adhered to the relevant guidelines established by Pennsylvania law. The sentence in no way appears to have been arbitrarily assigned. Since no other evidence of constitutional violation arises within the petition, McDaniels fails to raise a cognizable claim for habeas relief and the petition should be denied.

Accordingly, the state courts, carefully reviewing the facts of this case and the state legal requirements, imposed McDaniels' sentence within the broad limits established by the Constitution. Petitioner's objection to the length of his sentence –a sentence that falls within the statutory guidelines and was thoughtfully imposed–fails to raise a cognizable claim under which this Court may grant federal

habeas relief.  Petitioners request for relief due to the unreasonable and excessiveness of his sentence should be denied.

### C. Petitioner's Claim that the State Courts Misunderstood the Underlying Charge Should Be Denied Because it is Procedurally Defaulted and Fails on the Merits.

McDaniels alleges that the trial court and Superior Court, in assigning and affirming his sentence, misunderstood his guilty plea as stemming from the actual sale or transfer of firearms under 18 Pa. Cons. Stat. Ann § 6111 generally, rather than from providing false information on an application for a firearm under 18 Pa. Cons. Stat. Ann. § 6111(g)(4).   Petitioner seemingly bases this claim on the trial court's opinion during re-sentencing.  In the opinion, the court justifies the sentence length, in part, by reference to the seriousness of the underlying firearms charge.  The court stated that such criminal acts "create a threat to the public safety."  (Doc. 18, Ex 13). The Superior Court repeated these statements when it reviewed and affirmed the lower court's sentence.   Defendants argue that nothing in either court opinion indicates any misunderstanding about the charge.

Because this claim is both procedurally defaulted and lacks merit, it should be denied.

**1. The Claim that the State Courts Misunderstood the Underlying Charge is Procedurally Defaulted.**

In reviewing McDaniels' previous actions in state court, it appears to be the first time he has raised concerns about the courts' misinterpretation of his guilty plea. Because of this, he has not satisfied the exhaustion requirement mandated under the habeas standard.   See 28 U.S.C. § 2254(b)(1)(A).   It is now well-settled that exhaustion of available state remedies is an absolute prerequisite to filing a federal habeas petition. As the United States Court of Appeals for the Third Circuit has held "[i]t is axiomatic that a federal habeas court many not grant a petition for writ of habeas corpus . . . unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  As the person seeking to invoke habeas relief, McDaniels bears the burden of establishing that he has exhausted state remedies. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir 1993).   McDaniels cannot satisfy this burden and will not be deemed to have exhausted his state remedies as long as he had the right under state law to raise the questions presented in his habeas petition. 28 U.S.C. § 225(c); Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002).

By not raising this issue in any previous challenges to his sentence in the state courts or in his most recent appeal to the Superior Court following the re-sentencing

hearing, it appears that McDaniels failed to give the state courts the first opportunity to correct any potential constitutional violations. The Superior Court's affirmed the sentence on April 6, 2010. Petitioner did not file a notice of appeal before May 6, 2010. Under 42 Cons. Stat. Ann. § 9545(b), Petitioner had one year from that date to seek any other post-conviction relief in the state courts. That time has now passed. Because Pennsylvania procedure forecloses review of McDaniels's collateral challenge, it is now impossible for him to exhaust this claim, and it is procedurally defaulted.

Given McDaniels' default, this Court cannot review the merits of his claim unless Petitioner shows either cause for the procedural default and actual prejudice, or that fundamental miscarriage of justice will result if the Court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate "cause" for a procedural default, McDaniels must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if McDaniels can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993).

In his petition, the only cause for the procedural default that McDaniels identifies is his attorney's refusal to raise issues that counsel determined were frivolous.  (Doc. 1, Ex. 8.)  In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance. Under <u>Strickland</u>, a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different.  <u>Id.</u> at 688-96.  The first prong requires that Petitioner show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id.</u> at 687.  The second prong demands a petitioner show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  <u>Id.</u> at 694.  It follows that counsel cannot be ineffective for failing to pursue meritless claims or objections.  <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir. 1999); <u>United States v. Fulford</u>, 825 F.2d 3, 9 (3d Cir. 1987).

In this instance, counsel's refusal to raise this claims on appeal neither fell below any objective standard of reasonableness nor did any disservice to Petitioner's chance of success.  Counsel's refusal to pursue meritless claims in no way makes her

ineffective.  See Sanders 165 F.3d at 253.  Moreover, in considering the merits of the claim below, it is clear that counsel's characterization of the issue as "frivolous" was accurate.  Accordingly, there is no reason to believe that the result in the case would have been any different had counsel raised the issue with the Superior Court.   As such, Petitioner's implication that his attorney's refusal to pursue the courts' potential misunderstanding of his plea as an issue on appeal fails both prongs of the Strickland test and does not qualify as a "cause" toward setting aside the procedural default. Moreover, nothing raised in the petition persuades that the sentence in this case resulted from unreliable or fundamentally unfair proceedings as a result of a violation of federal law.

Since Petitioner fails to show adequate cause for or unfair prejudice stemming from the procedurally defaulted claim, the claim may only be reviewed by this Court if the failure to do so will result in a fundamental miscarriage of justice.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496.  Here, McDaniels's procedurally flawed petition does not claim innocence.   Rather, McDaniels disputes merely the severity of the sentence imposed–and subsequently reduced–after he violated the terms of his probation assigned upon his guilty plea.

Such a claim simply does not amount to the type of profound, compelling miscarriage of justice which would excuse a petitioner's procedural defaults.

As such, McDaniels's petition fails to persuade this Court to review the merits of the procedurally-barred claim.  It should be denied.

### 2. The Claim that the State Courts Misunderstood the Underlying Charge Lacks Merit.

Even if his claim was not procedurally barred, it would fail on its merits.  There is nothing in the record to indicate that the courts misunderstood the underlying charge that lead to McDaniels's 2007 plea agreement.  Though Petitioner seems to believe that a felon's attempt to illegally obtain a firearm by lying on the application should be deemed less dangerous than the actual illegal transfer or sale of firearms, the penalties laid out in 18 Pa. C.S.A. §6111 (g)(1-4) indicate the opposite.  18 Pa. Cons. Stat. Ann. § 6111(g)(1) states that:

> (1) Any person, licensed dealer, licensed manufacturer or licensed importer who knowingly or intentionally sells, delivers or transfers a firearm in violation of this section commits a misdemeanor of the second degree.

18 Pa. C.S.A. §6111 (g)(1).  On the other hand, 18 Pa. Cons. Stat. Ann. § 6111(g)(4), in relevant part, states that:

> (4) Any person, purchaser or transferee commits a felony of the third degree if, in connection with the purchase, delivery or transfer of a firearm under this chapter, he knowingly and intentionally:

. . .

(ii) makes any materially false written statement, including a statement on any form promulgated by Federal or State agencies . . .

18 Pa. Cons. Stat. Ann. § 6111(g)(4). Written as such, the statute itself assigns harsher grading and greater potential penalties to McDaniels' behavior under § 6111(g)(4)(ii) than any misinterpretation that would have left the Court relying on § 6111(g)(1).

Moreover, both courts' acknowledgment of the underlying dangerousness of the charge is perfectly reasonable in this case. Statutory language like that contained in § 6111(g)(4) evolves from a community's belief that a firearm in the hands of a convicted felon constitutes a serious danger and threat to public safety. The state courts appropriately echoed the sentiment in describing the dangerousness of the underlying charge. In any event, the details of the underlying charge appear secondary in the court's decision to confine McDaniels. The primary impetus of the court's choice stemmed from the need to validate its authority after McDaniels so thoroughly flouted the requirements of his probation by failing two separate drug tests and leaving the state without permission.

While McDaniels argues that his sentence of imprisonment resulted from the court's misinterpretation of the charge to which he plead guilty, the record indicates

that the sentence resulted from the court's careful deliberation and decision that McDaniels' defiant behavior necessitated confinement.  Petitioner's second claim is procedurally defaulted and lacks merit. The petition should thus be denied with respect to this claim.

### D. Petitioner's Claim that the Sentencing Judge was Biased Must Be Denied Because it is Procedurally Defaulted and Fails on the Merits.

McDaniels' final claim is that the sentencing judge was biased in the April 2009 re-sentencing hearing due to a disciplinary complaint filed by Petitioner against the same judge in February 2007.  Respondents argue that McDaniels failed to meet the exhaustion requirement because he did not include this concern in his appeal to the Superior Court in 2009 and is now barred from seeking appeal under 42 Pa. Cons. Stat. Ann. § 9545(b).  Moreover, Respondents argue that the accusation in itself is meritless based on the judge's choice to alter the sentence in a way that was favorable to McDaniels during the re-sentencing hearing.

Because McDaniels' final claim is procedurally barred and lacks merit, it should be denied.

### 1. The Claim of Judicial Bias is Procedurally Barred.

In reviewing McDaniels' previous actions in state court, it also appears to be the first time he has raised concerns about the potential bias of the sentencing judge.

24

Because McDaniels failed to give the state courts the first opportunity to correct any potential constitutional violations, he has not met the exhaustion requirement mandated under the habeas standard.  See 28 U.S.C. § 2254(b)(1)(A).  McDaniels is now time-barred from raising this claim in state courts under Pennsylvania law. Accordingly, this claim is procedurally defaulted.

As discussed above, for this Court to review the merits of the procedurally defaulted claim, McDaniels must show either cause for the procedural default and actual prejudice, or that fundamental miscarriage of justice will result in the absence of review.  See McCandless, 172 F.3d at 255.  To demonstrate "cause" for a procedural default, McDaniels must point to some objective external factor which impeded his efforts to comply with the state's procedural rule, see Murray, 477 U.S. at 488, while "prejudice" will be found only if McDaniels can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law.  See Lockhart, 506 U.S. at 366.

McDaniels again claims that his attempt to raise his claims of judicial bias was prevented by counsel, who refused to pursue issues that she found to be frivolous. (Doc. 1 at 8.) Under the Strickland test, counsel cannot be ineffective for failing to pursue meritless claims or objections. See Sanders, 165 F.3d at 253.  Because the judge ruled favorably in the re-sentencing hearing and reduced McDaniels's sentence,

25

the allegation of bias falls flat.  Counsel acted reasonably when treating the claim as frivolous and refusing to bring it on appeal.  As such, McDaniels' assertion of ineffective counsel as an objective cause for the procedural default in no way justifies this Court's review.  Moreover, Petitioner makes no claims of unfair prejudice.

Finally, Petitioner's procedurally-defaulted claim will be entitled to review under the miscarriage of justice exception only if a "constitutional violation has probably resulted in the conviction of one who is actually innocent." See Murray, 477 U.S. at 496.  Here, McDaniels does not claim that he is actually innocent, only that he was punished excessively, which we have already found not to be the case.  This type of claim does not permit this Court to excuse a petitioner's procedural defaults and grant habeas relief.

In sum, McDaniels failed to exhaust his state remedies with respect to this claim of bias.  Because the bias claim is now procedurally defaulted, we recommend that the petition for habeas relief with respect to that claim be denied.

## 2. The Claim of Judicial Bias Fails on its Merits.

Even without the procedural default, Petitioner's claim of judicial bias at the re-sentencing hearing will be denied because it fails on the merits.  The substantive threshold for habeas relief is high, granted to state prisoners only in those instances

where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed, 512 U.S. at 354. In this case, Petitioner offers no proof of the bias he alleges. He merely asserts that he had filed a disciplinary complaint in February 2007 against the judge who re-sentenced him in April 2009. In the first place, he fails to present evidence that the court was even aware of the disciplinary complaint, much less influenced by it. Finally, the allegation of judicial bias against Petitioner rings hollow based on the results of the re-sentencing hearing. The allegedly biased judge vacated and *reduced* Petitioner's sentence. The judge's choice to reduce Petitioner's time in prison in April 2009 in no way indicates that McDaniels faced unjust or unfair proceedings in violation of his rights under the Constitution or federal laws due to the disciplinary report that he filed in February 2007.

Because McDaniels' claim of judicial bias is both procedurally defaulted and without merit, Petitioner's writ should be denied with respect to the allegation of judicial bias.

## III.   <u>RECOMMENDATION</u>

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the  Response in

Opposition to this Petition, IT IS RECOMMENDED that the Petition be DENIED, and that a certificate of appealability should not issue.  The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of June, 2011.


**S/Martin C. Carlson**
**United States Magistrate Judge**