IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JAN 0 4 2012

PER /M. b. V
DEPUTY CLERK

Craig Kip McDaniels,

    Petitioner,

v.

Brian Thompson, et. al.

    Respondents.

Civil No. 3:11-CV-467

(Judge Kosik)

# MEMORANDUM

On December 23, 2010, Petitioner Craig Kip McDaniels filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In the petition, Petitioner asserted that the sentence he received on March 8, 2009 was excessive and unreasonable for a technical violation of probation; that the trial court and the Superior Court of Pennsylvania considered the case under 18 Pa. C.S.A. § 6111, not 18 Pa. C.S.A. § 6111(g)(4) as charged; that the sentencing judge was biased; and that when he raised these issues with counsel, he was informed that they were frivolous. (*See* Doc. 1). On June 29, 2011, Magistrate Judge Carlson issued a Report and Recommendation (R&R) recommending that the petition be denied and that a certificate of appealability not be issued. (Doc. 21). After reviewing the case, the Magistrate Judge found that two of the three claims raised by Petitioner were procedurally barred from habeas review and that all three of the claims raised by Petitioner lacked merit. (*Id.*). Petitioner filed Objections to the R&R[1], a supplement to the Objections, and Traverse.[2]

---

[1] On July 7, 2011, Petitioner filed a document in which he made a blanket objection to the Magistrate Judge's proposed findings. (Doc. 22). He sought and received an extension of time in which to file additional objections. A supplement to the objections was filed on July 27, 2011. (Doc. 24).

[2] On June 7, 2011, Petitioner filed a motion for leave to file a Traverse. (Doc. 19). The Magistrate Judge granted the motion and gave Petitioner until June 21, 2011 to file the Traverse. (Doc. 20). The Petitioner did not file the Traverse until July 27, 2011, approximately one month after the Magistrate Judge issued the R&R. Thus, the Traverse (Doc. 25) is untimely. Moreover, much of the Traverse is a more detailed reiteration of

(Doc. 22, 24, 25). For the reasons that follow, we will adopt the R&R of the Magistrate Judge and deny the petition because we find that petitioner is not entitled to habeas relief on the excessive and unreasonable sentence claim and that the other two claims are procedurally defaulted and without merit. We have jurisdiction over this matter pursuant to 28 U.S.C. § 2254.

## Factual Background and Procedural History

This petition arises from Petitioner's probation revocation and re-sentencing. (Doc. 21, p. 3). Petitioner originally pled guilty to the Sale or Transfer of a Firearm and Receiving Stolen Property, violations under 18 Pa. C.S.A. § 6111(g)(4) and 18 Pa. C.S.A. § 3925, respectively, on May 8, 2006. (*Id.*). He was placed on twelve months probation under the supervision of the Lycoming County Adult Probation Office for each offense to run concurrently. (*Id.*). Petitioner violated the terms of his probation when he failed two drug tests and took a trip to Florida without the permission of his probation officer. (*Id.*, p. 4).

Following a hearing on the probation violations, the Petitioner's probation was revoked and he was sentenced to an aggregate term of incarceration for three to six years on April 5, 2007: two to four years imprisonment on the firearms charge and one to two years imprisonment on the receiving stolen property charge, to be served consecutively. (*Id.*). In February 2007, Petitioner filed a disciplinary complaint against the Court of Common Pleas of Lycoming County judge who sentenced him during this probation violation hearing. (*Id.*). Petitioner appealed his sentence to the Superior Court of Pennsylvania, where it was affirmed on April 1, 2008 because Petitioner had not properly preserved a challenge to the discretionary aspects of the sentence. (*Id.*).

---

Petitioner's habeas petition and it attempts to raise additional grounds. We note that on March 21, 2011, Petitioner filed an Election Form in which he advised the court that he wished to have the Petition ruled on as filed. (Doc. 9). Petitioner's signing of the Notice of Election under *Mason v. Myers,* 208 F.3d 414 (3d Cir. 2000), precludes him from raising new grounds. Thus, we will consider the Traverse only as it applies to Petitioner's objections to the R&R.

Petitioner filed a PCRA petition, which was dismissed on December 3, 2008, contending that his sentence was excessive. (*Id.*). Petitioner filed a second PCRA petition on December 16, 2008 alleging his sentence was inappropriate because the court did not state a reason for the sentence. (*Id.* at 4-5). He further alleged ineffective assistance of counsel because a Motion to Modify or a Motion for Reconsideration was not filed when it should have been and counsel failed to preserve the issue for appeal by neglecting to file a timely motion and by failing to object at the sentence hearing. (*Id.* at 5).

The Court of Common Pleas granted this PCRA petition and vacated the original sentence. (*Id.*). On March 8, 2009, Petitioner's sentence was reduced to an aggregate 25 months to six years: two to four years imprisonment on the firearms charge and one month to two years imprisonment on the receiving stolen property charge. (*Id.*). Despite this reduction, Petitioner again appealed his sentence. (*Id.*). The Superior Court of Pennsylvania found that Petitioner had waived his claim on appeal as a result of procedural errors and because he failed to raise any issues of merit. (*Id.*). The judgment of sentence was affirmed by the court on April 6, 2010. (*Id.*).

Petitioner filed a Petition for Writ of Habeas Corpus that is now before this Court. (Doc. 1). The Magistrate Judge recommended that the petition be denied. (*See* Doc. 21). As we indicated earlier, Petitioner filed his Objections to the R&R, a supplement to the Objections, and a Traverse. (Doc. 22, 24, 25).

## Standards of Review

### I. Petitioner's Objections to the Report and Recommendation

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for

such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

**II.     Habeas Corpus and Exhaustion**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle,* 502 U.S. at 67-8; *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer*, 117 F.3d 104 (3d Cir. 1997).

Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petition has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the

State's established appellate review process."[3] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000)(citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

Beyond questions of exhaustion, a federal court may be precluded from reviewing claims under the "procedural default doctrine." *Gray v. Netherland*, 518 U.S. 152, (1996); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Doctor v. Walters*, 96 F.3d 675 (3d Cir. 1996). The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. *Coleman*, 501 U.S. at 732.

A state's procedural rules are entitled to deference by federal courts; a petitioner's violation of a state procedural rule may constitute an independent and adequate state law ground for denial of federal review of habeas claims under the procedural default doctrine. *Id.*

---

[3] Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under Section 2254. *See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1 (May 5, 2000)(per curiam). As such, petitioners are not required to seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a "full opportunity to resolve any constitutional claims." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

at 750. Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court explicitly has concluded that a petitioner is procedurally barred from raising his claims. *Glass v. Vaughn*, 65 F.3d 13, 15 (3d Cir. 1995), *cert. denied*, 516 U.S. 1151 (1996). However, the procedural default doctrine only applies when a state procedural rule is consistently or regularly applied. *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997)(quoting *Johnson v. Mississippi*, 486 U.S. 578, 588-89 (1988))[4]. A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if he or she can demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Lines*, 208 F.3d at 166.

### Discussion

Petitioner filed a Petition for Writ of Habeas Corpus that is now before this Court. Petitioner claims that his sentence received on March 8, 2009 was excessive and unreasonable for a technical violation of probation; that the trial court and the Superior Court of Pennsylvania considered the case under 18 Pa. C.S.A. § 6111, not 18 Pa. C.S.A. § 6111(g)(4) as charged; and that the sentencing judge was biased. ( Doc. 1). It should be noted that when Petitioner raised these issues with counsel, he was allegedly informed that they were frivolous. ( Doc. 1). The Magistrate Judge recommended that the petition be denied because the excessive and unreasonable sentence claim did not provide grounds for habeas review; the state court's alleged confusion on the underlying charge was procedurally defaulted; the alleged bias of the sentencing judge was procedurally barred; and all three claims lacked

---

[4] *See also Doctor*, 96 F.3d at 675 (the state rule must be firmly established and regularly followed before it can be considered an independent and adequate state law ground sufficient to foreclose federal court review under the procedural default doctrine).

6

merit. (Doc. 21).

Petitioner filed the supplement to his Objections to the Report and Recommendation (Doc. 24) on July 27, 2011. In his objections, Petitioner attempts to raise issues regarding withdrawal of a guilty plea, lack of a jury trial and problems with compelling witnesses. However, Petitioner did not raise these issues in his habeas petition, nor were these issues raised in his state court appeals. Petitioner's focus in this court, and in the state courts, regard the imposition of his sentence following his probation violations. As we noted above, the habeas petition, as originally filed, only contained arguments involving the excessive and unreasonable nature of the sentence; the Court of Common Pleas and the Superior Court allegedly considering the case under 18 Pa. C.S.A. § 6111 and not under 18 Pa. C.S.A. § 6111(g)(4); judicial bias; and issues with appointed counsel. Thus, the only objections that we will consider are those surrounding issues with the drug tests, the guidelines, and alleged misstated or misrepresented facts. All of these objections are related to Petitioner's claim that his sentence was unreasonable and excessive.

## I. Excessive and Unreasonable Sentence

Section 2254(d) of Title 28 of the United States Code states that habeas relief is not available to a petitioner who is in custody pursuant to the judgment of a State court adjudicated on the merits unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Estelle v. McGuire* further provides that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle,* 502 U.S. at 67-68. In regards to sentences, the Supreme Court stated that severe sentences, if within the limits of the statute, would not be grounds for habeas relief. *See Townsend v. Burke,* 334 U.S. 736, 741 (1948).

As the Magistrate Judge points out, the Superior Court of Pennsylvania affirmed Petitioner's re-sentence. (Doc. 18, Ex. 14). The Superior Court found that Petitioner failed to preserve the discretionary aspects of his sentencing claim and that his claim was without merit. (*Id.*). The Court specifically pointed to Pennsylvania law which allows confinement after revocation of probation if "(1) the defendant is convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." (*Id. quoting* 42 Pa. C.S.A. § 9771(c); *Commonwealth v. Malovich,* 903 A.2d 1247, 1253 (Pa. Super. 2006)). The Court found that Petitioner's misconduct while on probation satisfied the second and third prong; the drug tests indicated that he is likely to commit a crime if he is not imprisoned, and Petitioner's defiance displayed during his probationary sentence by his continuing drug use and his leaving the state, required confinement to vindicate the authority of the court. (*Id.*).

As the Magistrate Judge indicates, Petitioner's maximum aggregate sentence, which the trial court could have imposed for the offenses, was nine years. (Doc. 21, p. 15). Petitioner was sentenced to two to six years. (*Id.*). The sentence, which Petitioner finds unreasonable and excessive, was within the statutory guidelines and affirmed by the Superior Court of Pennsylvania. Traditional considerations of comity and deference to the judgments of the State courts lead us to deny Petitioner's claim for habeas relief with respect to this claim.

The Magistrate Judge goes on to analyze whether the alleged unreasonable and excessive sentence claim has merit under an analysis of whether the state proceedings relied on arbitrary considerations or whether any of Petitioner's constitutional rights were violated. (*Id.* at 15-16; *See also Townsend,* 334 U.S. at 741[5]). As the Magistrate Judge indicates, there is

---

[5] "We would make clear that we are not reaching this result because of petitioner's allegation that his sentence was unduly severe. The sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of *habeas corpus*. It is not the

nothing in the record to show that the trial court relied on arbitrary considerations or violated Petitioner's constitutional rights when deciding the sentence. Petitioner argues that he technically failed one drug test, and that the second drug test was only positive because he was tested too soon so the drugs from the first test were still in his system, and that he was told by his probation officer it would not be counted against him. (Doc. 24, ¶ 6; Doc. 25). Petitioner also disputes that there were "several [drug] tests" while in fact there were only two tests. While these allegations may have some veracity, they do not persuade us to find that the trial court relied on arbitrary considerations or violated Petitioner's constitutional rights[6].

Upon re-sentencing, the Court of Common Pleas "considered the fact that [Petitioner] gave untruthful testimony to the Court...considered the seriousness of the underlying firearms charges" and lowered the sentence due to the technical nature of the violations. (*See* Doc. 18, Ex. 13). There is nothing in the record to show that the new sentence was arbitrary or that Petitioner's constitutional rights were violated. Accordingly, we will adopt the R&R of the Magistrate Judge in regards to the excessive and unreasonable sentence claim.

## II. 18 Pa. C.S.A. § 6111, Generally vs. 18 Pa. C.S.A. § 6111(g)(4)

Section 6111 of Title 18 of Pennsylvania Consolidated Statutes Annotated concerns the sale or transfer of firearms generally. Section 6111(g)(4) more specifically states:

> Any person, purchaser, or transferee commits a felony of the third degree if, in connection with the purchase, delivery or transfer of a firearm under this chapter, he knowingly and intentionally:
>
> (i) makes any materially false oral statement;
>
> (ii) makes any materially false written statement, including a statement on any form promulgated by Federal or State agencies; or

---

duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process."

[6]We note that the record fails to show that Petitioner brought these issues to the attention of the state courts during his appeals process.

> (iii) willfully furnishes or exhibits any false identification intended or likely to deceive the seller, licensed dealer or licensed manufacturer.

18 Pa. C.S.A. § 6111. Petitioner claims in his habeas petition that the trial court and Superior Court looked at his charge as a sale or transfer of a firearm under 18 Pa. C.S.A. § 6111, and not as the charge was written, and to which the Petitioner pled guilty, providing false information on an application under 18 Pa. C.S.A. § 6111(g)(4). (Doc. 1, p. 3). The Magistrate Judge recommended that this claim should be denied because it was procedurally defaulted and failed on the merits. (Doc. 21, p. 17). Petitioner appears to object to this finding arguing that since he was handling the appeals process on his own, he has not procedurally defaulted. In the alternative, he argues that there is sufficient cause and prejudice to excuse any procedural default. ( Doc. 24, ¶ 8). He also argues that his appeal process should be judicially tolled for the entire period of April 15, 2007 through March 8, 2009. (Doc. 24 at ¶ 9).

As we indicated earlier, section 2254(b)(1)(A) of Title 28 of the United States Code states that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and because of this, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A claim can be unexhausted for a number of reasons. "If a claim has not been fairly presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted." *Carpenter v. Vaughn*, 296 F. 3d 138, 146 (3d Cir. 2002). Exhaustion can be excused if the claim has not been fairly presented to the state courts but review is foreclosed by state law. *Id.* If this occurs, one must consider procedural default. *See*

*id.*

> [P]rocedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits for a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice.

*Id.* quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

After reviewing Petitioner's previous appeals through the state court, it appears that this is the first time he has raised concerns about the misinterpretation of his guilty plea and the Pennsylvania statutes. (Doc. 21, p. 18). Thus, we find that Petitioner's claim has not been fairly presented to the state courts. Petitioner's sentence was affirmed by the Superior Court of Pennsylvania on April 6, 2010. (Doc. 18, Ex. 14). Under our calculations, Petitioner's judgment became final on May 6, 2010. (Doc. 21, p. 19). Under section 9545(b) of Pennsylvania's Consolidated Statutes, Petitioner had one year from the date of the final judgment to file for post-conviction relief in the state courts. *See* 42 Pa. C.S. § 9545(b). Because Petitioner never sought such relief, it appears this claim is procedurally defaulted.

When a claim has been procedurally defaulted in state court, federal habeas review is barred unless Petitioner can show cause for the default and actual prejudice, or a resulting fundamental miscarriage of justice if the court does not review the claims. *Carpenter*, 296 F. 3d at 146. In order to show "cause", a petitioner must point to the existence of some objective, external factor that impeded petitioner's efforts to comply with a state's procedural rules. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). "Prejudice" can be shown if the petitioner can demonstrate that the outcome of the state proceeding was unreliable or fundamentally unfair as a result of a violation of federal law. *See Lockhart v. Fretwell,* 506 U.S. 364, 366 (1993).

As the Magistrate Judge points out, Petitioner asserts that the cause and prejudice for his procedural default surrounds an ineffective assistance of counsel claim in that his lawyer found some of his claims to be frivolous and would not raise them. (Doc. 1, Ex. 8.). Petitioner did not have a constitutional right to post-conviction counsel in this proceeding, *Pennsylvania*

11

v. *Finley*, 481 U.S. 551, 555 (1987); *Tillett v. Freeman*, 868 F.2d 106, 108 (3d Cir. 1989). Thus, Petitioner's ineffective assistance of PCRA counsel claim does not arise under the Constitution or laws of the United States, and is not cognizable under 28 U.S.C. 2254. *See Coleman*, 501 U.S. at 756-57. Consequently, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* Further, in *Strickland v. Washington*, the United States Supreme Court found a valid ineffective assistance of counsel claim must include a showing by petitioner that, (1) counsel's representation fell below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 - 96 (1984). As the Magistrate Judge points out, there is nothing to suggest that either of these prongs have been met. In Petitioner's situation, counsel refused to file claims she found to be frivolous. (Doc. 1, Ex. 8). Counsel cannot be ineffective for failing to pursue meritless claims or objections[7]. *United States v. Sanders*, 165 F. 3d 248, 253 (3d Cir. 1999); *United State v. Fulford*, 825 F.3d 3, 9 (3d Cir. 1987). We agree with the Magistrate Judge that Petitioner has failed to show "cause" to excuse his procedural default.

Because we find there was no cause and prejudice, Petitioner must show that failure to review the claim will result in a fundamental miscarriage of justice. *See Carpenter*, 296 F. 3d at 146.

> [F]or the most part, 'victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard.' But we do not pretend that this will always be true. Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in a conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

*Murray*, 477 U.S. at 495-96. The instant Petitioner has not claimed innocence, instead he claims that the sentence he received was excessive and unfair. He argues that he has not

---

[7]In considering the merits of the claims, *infra.*, we also find these claims to be without merit.

received any legal assistance, even though he has no constitutional right to such assistance. We agree with the Magistrate Judge that this is not an extraordinary case where we should grant the writ based on a miscarriage of justice. Petitioner's claim should therefore be denied.

Petitioner also claims that we should apply tolling principles to defeat procedural default. (Doc. 24, ¶ 9). While petitioner's argument as to tolling is unclear, we note that the Supreme Court of Pennsylvania has held that the PCRA's timeliness requirements are mandatory and jurisdictional in nature; thus, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. *See, e.g., Commonwealth v. Fahy*, 558 Pa. 313, 328-29, 737 A.2d 214, 222 (1999). Thus, unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling, except as provided by statute. In the case of a PCRA, the time limitations are extended only upon the satisfaction of the exceptions found in 42 Pa.C.S.A. 9545(b)(1)(i)-(iii). Petitioner has not argued the application of these exceptions, nor have we found these exceptions to apply in this case.

Even if equitable tolling principles could be invoked under these circumstances, equitable tolling is only proper when the limitation period would be unfair under the principles of equity. *Nara v. Frank*, 264 F.3d 310, 319 (3d Cir. 2001) (internal citations omitted). "[T]his will occur when the petitioner has in some extraordinary way...been prevented from asserting his or her rights." *Id.* (internal citations omitted). Petitioner must show that he has exercised reasonable diligence in the investigation and bringing of the claim and cannot argue mere neglect. *See id.* "[A] statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interest of justice." *Id.* (internal citations omitted). Petitioner claims he has been prevented from asserting his rights because he has not had the right to counsel. Since Petitioner has no right to counsel for post-conviction appeals, this does not rise to the level of extraordinary. Petitioner has failed to point out any legal principles that demand equitable tolling and has not shown any

extraordinary means of prevention used to stop him from bringing these claims.

As the Magistrate Judge finds, Petitioner's claims also lack merit. The two statutes that Petitioner claims the trial court and Superior Court confused are both from the same statute. He argues that his charges were read more generally, when it should have been specific under section 6111(g)(4). The Magistrate Judge correctly points out that section 6111(g)(1) results in a misdemeanor of the second degree for any person who knowingly or intentionally sells, delivers, or transfers a firearm in violation of this section. 18 Pa. C.S.A. § 6111(g)(1). The charge to which Petitioner pled guilty to results in the more severe penalty of the third degree felony. 18 Pa. C.S.A. § 6111(g)(4). Petitioner's argument that both courts' referral to the charge as dangerous is not persuasive. As the Magistrate Judge points out, "[s]tatutory language in § 6111(g)(4) evolves from a community's belief that a firearm in the hands of a convicted felon constitutes a serious danger and threat to public safety." (Doc. 21, p. 23). Considering the harsher penalty under the actual charge to which Petitioner pled guilty, and considering the fact that the courts seemed to have properly characterized the charges as dangerous, this claim lacks merit.

We agree with the Magistrate Judge's findings that Petitioner's claim based on the alleged statutory confusion is procedurally defaulted and also lacks merit. There are also no grounds for tolling. Therefore, the habeas petition in regards to this claim will be denied.

## III. Judicial Bias

Petitioner's last claim for habeas relief concerns alleged judicial bias on the part of the sentencing judge. (Doc. 1, p. 3). Petitioner filed a disciplinary complaint against the judge in February 2007. (Doc. 21, p. 24). The Magistrate Judge recommends we deny this claim because it is procedurally defaulted and fails on its merits. (*Id.* at 24-27). Petitioner objects to this finding. (Doc. 22).

After reviewing the record, this again seems to be the first time Petitioner has raised concerns about an alleged bias on the part of the sentencing judge. Since he has not raised this

claim in front of the state courts, they have not had the opportunity to correct any possible constitutional violations and so he has not exhausted. *See* 28 U.S.C. § 2254(b)(1)(A). As discussed above, he is now time-barred from raising the claim in the state courts and thus has procedurally defaulted.

Petitioner must show cause and prejudice or that a fundamental miscarriage of justice will result in the absence of review, in order to overcome the procedural default. *See Coleman*, 501 U.S. at 750. Petitioner claims the cause for his procedural default was because counsel would not pursue claims she found to be frivolous and he had no help from counsel. (Doc. 1, Ex. 8; Doc. 24, ¶ 10; Doc. 25). As stated above, counsel does not have to pursue frivolous claims and Petitioner has no right to counsel in the post-conviction process. Further, as the Magistrate Judge indicates, the state court judge actually reduced Petitioner's overall sentence on his re-sentencing. Thus, there is no cause for Petitioner's procedural default. Finally, there are no extraordinary circumstances to point to a fundamental miscarriage of justice.

Further, as the Magistrate Judge points out, Petitioner has not made any showing of judicial bias. Petitioner asserts that he filed a disciplinary complaint in February of 2007, but does not present any evidence that the sentencing judge was aware of the complaint. Further, the judge vacated and reduced the Petitioner's sentence in March 2009, which contradicts Petitioner's allegations of bias.

We agree with the Magistrate Judge that Petitioner's judicial bias claim is procedurally defaulted and without merit. There are also no grounds for tolling. Thus, we will overrule any objections made to this finding.

### Conclusion

We will adopt the R&R of the Magistrate Judge and deny the petition. Petitioner has not shown that he is entitled to habeas relief in regards to the excessive and unreasonable sentence claim. Moreover, Petitioner has procedurally defaulted on the alleged misapplied

statute claim and the judicial bias claim, and there is no merit to his claims. Finally, we find no basis for Petitioner's tolling arguments. Thus, we will overrule Petitioner's objections to the R&R and adopt the R&R in its entirety. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Craig Kip McDaniels,

    Petitioner,

    v.

Brian Thompson, et. al.

    Respondents.

Civil No. 3:11-CV-467

(Judge Kosik)

## ORDER

AND NOW, this 4TH day of January, 2012, IT IS HEREBY ORDERED THAT:

1. The June 29, 2011 Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 21) is ADOPTED in its entirety;

2. Petitioner's Objections to the Report and Recommendation and Supplement (Doc. 22, 24) are OVERRULED;

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED;

4. The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge; and

5. Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

*[signature]*
Edwin M. Kosik
United States District Judge